IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KALEEF WESTBROOK,

        Petitioner,

v.

SUPERINTENDANT JOHN THOMAS, et al.,

        Respondents.

CIVIL ACTION
NO. 14-4700

**OPINION**

**Slomsky, J.**                                                                            February 22, 2016

## I. INTRODUCTION

Before the Court are counseled Objections of Petitioner Kaleef Westbrook to United States Magistrate Judge Henry S. Perkin's Report and Recommendation ("R&R") issued in the above-captioned case. (Doc. Nos. 14, 15, 16, 17.) In the R&R, Magistrate Judge Perkin recommended that the Petition be denied. (Doc. No. 10.) For the reasons stated below, the Court will approve and adopt the R&R and deny the Petition.

## II. BACKGROUND

The following facts are adopted from the R&R[1]:

[Petitioner Kaleef Westbrook is an inmate at SCI Chester. Respondents are Superintendent John Thomas, Pennsylvania Attorney General Kathleen Kane, and the District Attorney of Pennsylvania.]

On November 14, 2008, following a jury trial before the Honorable John J. Poserina, Jr. in the Court of Common Pleas of Philadelphia County, Petitioner was found guilty of attempted murder, aggravated assault, several firearms violations, and possession of an instrument of crime. [During the trial, the prime witness was the victim of the attempted murder, who Petitioner had shot multiple

---

[1] The factual background taken from the R&R has been altered slightly to include modified citations to comply with this Court's citation format. Any additions to the factual background are reflected with the text placed in brackets.

1

times. While testifying, the witness stated in front of the jury that he was scared to testify. The witness was in prison, and he feared that his safety would be in jeopardy when he returned to prison because other inmates might attack him because he testified.] On February 20, 2009, following a pre-sentence investigation, Petitioner was sentenced to an aggregate term of fifteen to thirty years incarceration. Petitioner did not file any post-sentence motions.

Petitioner timely filed a direct appeal with the Pennsylvania Superior Court. In so doing, Petitioner briefed the following issues for the Superior Court's consideration:

> [Petitioner] advances two evidentiary issues on appeal, assigning error first to the trial court's receipt of testimony, characterized as "extensive," from the victim concerning his fear of testifying, and then permitting inadmissable hearsay in the form of portions of the victim's interview with police to be read into the record.

(Doc. No. 9-1 at 2.) By memorandum decision filed June 3, 2010, the Superior Court rejected Petitioner's claims, and affirmed the judgment of sentence of the trial court. (Id.) Petitioner sought further review of his conviction with the Pennsylvania Supreme Court, but his petition for allowance of appeal was denied on December 7, 2010.

On December 22, 2011, Petitioner timely filed a counseled petition under the Pennsylvania Post Conviction Relief Act ("PCRA"). See 42 Pa. C.S.A. § 9541, et seq. In so doing, Petitioner claimed the following:

> (1) Trial counsel was ineffective by not requesting a "curative" instruction with respect to the evidence that [the victim] was a reluctant witness;
>
> (2) Trial counsel was ineffective for declining to argue that the admission of evidence of [the victim's] reluctance to testify violated the Defendant's right to due process; and
>
> (3) Trial counsel was ineffective because he failed to raise a federal due process objection to the court's charge that explicitly told the jury that, "The testimony of a single witness may be sufficient to convict the Defendant."

(Doc. No. 9-2 at 1-2.) The PCRA Petition was formally dismissed by the Honorable Rose M. DeFino-Nastasi on December 18, 2012, and on October 2, 2013, the PCRA court filed its Opinion in support of the dismissal. (Id.)

Counsel for Petitioner filed a Notice of Appeal to the Pennsylvania Superior Court on December 31, 2012, and a Concise Statement of Matters Complained of

on Appeal on June 20, 2013. See Ct. Com. Pl. of Phila. Cty. Crim. Docket No. CP-51-CR-1301994-2006. In so doing, Petitioner raised the following issues for review:

> I. Was trial counsel ineffective because he failed to request a curative instruction as to the generalized fear [the witness] expressed to the jury?
>
> II. Was trial counsel ineffective because he did not mount a federal due process challenge to the extended testimony of [the witness] given in front of the jury which graphically delineated his fear of testifying which could never be linked to Appellant, most or all of which could be attributed to [the witness's] paranoid personality, and all of which was used to bolster his credibility and testimony against Appellant?
>
> III. Was trial counsel ineffective because he failed to raise a federal due process objection to the court's charge that explicitly told the [sic], "The testimony of a single witness may be sufficient to convict the defendant"?

(Doc. No. 9-3 at 3.) By memorandum decision filed June 19, 2014, the Superior Court found all of Petitioner's issues meritless, and affirmed the decision of the PCRA court. (Id.) Petitioner did not seek review by the Pennsylvania Supreme Court.

(Doc. No. 10 at 2-5.)

On August 11, 2014, Petitioner filed the present Petition for Writ of Habeas Corpus. (Doc. No. 1.) Petitioner argues that the trial court erred in allowing "extensive" testimony by the witness as to his fear of testifying at trial, for there was no evidence linking the witness's fear of testifying to any conduct on the part of Petitioner. (Id. at 23.) Furthermore, he brings two claims of ineffective assistance of counsel. (Id.) Based on these claims, Petitioner asserts that he was denied due process and a fair trial. (Id.)

On November 14, 2014, Respondents filed a Response to the Habeas Petition, in which they contend that Petitioner's claims are "procedurally defaulted, noncognizable, and/or were reasonably rejected by the state courts for lack of merit." (Doc. No. 9 at 2.) On August 15,

3

2014, this Court referred the case to Magistrate Judge Perkin for an R&R.  (Doc. No. 3.)  On August 11, 2015, Magistrate Judge Perkin issued an R&R after a review of the filings in this case and the state court record.  (Doc. No. 10.)  After being granted an extension of time to object to the R&R, Petitioner timely filed the present Objections on September 8, 2015.  (Doc. Nos. 14-17.)  For the reasons that follow, the Court will adopt the R&R and deny the Petition.

### III. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(B) and the local rules of this Court, a district judge is permitted to designate a magistrate judge to make proposed findings and recommendations on petitions for post-conviction relief.  Any party may file objections in response to the magistrate judge's Report and Recommendation.  Id. § 636(b)(1)(C).  Whether or not an objection is made, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The [district] judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions." Id.  "[I]t must be assumed that the normal practice of the district judge is to give some reasoned consideration to the magistrate's report before adopting it as the decision of the court." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987); see also 28 U.S.C. § 636(b).

In the Eastern District of Pennsylvania, Local Rule 72.1.IV(b) governs a petitioner's objections to a magistrate judge's report and recommendation.  Under that rule, a petitioner must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." Savior v. Superintendent of Huntingdon SCI, No. 11-5639, 2012 WL 4206566, at *1 (E.D. Pa. Sept. 20, 2012).  Upon review, "[a district judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

De novo review is non-deferential and generally permits the district court to conduct an "independent review" of the entire matter. Salve Regina College v. Russell, 499 U.S. 225, 238 (1991). "Although [the] review is de novo, [a district judge] [is] permitted, by statute, to rely upon the magistrate judge's proposed findings and recommendations to the extent [the judge], in the exercise of sound discretion, deem[s] proper." Owens v. Beard, 829 F. Supp. 736, 738 (M.D. Pa. 1993) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

IV.  ANALYSIS

Petitioner's first claim is that the trial court erred in allowing the witness to testify before the jury about his fear of testifying and his reluctance to do so. (Doc. No. 1 at 23-24.) Petitioner believes that this testimony "bolstered" and "enhanced" the witness's credibility, and contends that the court denied Petitioner due process by permitting the testimony to be heard before the jury. (Id.) Magistrate Judge Perkin found that this claim was procedurally defaulted and was otherwise without merit. Petitioner has not objected to this finding or Magistrate Judge Perkin's Recommendation that this claim be rejected. Accordingly, the Court need not address it and will adopt the Recommendation to deny this claim.

Petitioner next brings two claims of ineffective assistance of counsel.[2]  Petitioner again argues that his due process rights were violated when the witness testified about his fear of

---

[2] In the § 2254 Motion, Petitioner asserts that his claims fall under the due process clause. In the PCRA Petition filed in state court, however, Petitioner argued that the same claims amounted to ineffective assistance of counsel. In its Response to the § 2254 Motion, the Commonwealth points out that Petitioner's claims are more readily characterized as ineffective assistance of counsel claims and argued that counsel was not constitutionally ineffective. Magistrate Judge Perkin also discussed the claims as falling under the rubric of ineffective assistance of counsel. Regardless of whether Petitioner's claims fall under the due process clause or the Sixth Amendment right to effective counsel clause, they are without merit.

5

testifying, for it impermissibly made the jury draw the inference that the witness was credible.[3] According to Petitioner, his counsel was ineffective by not raising this due process claim before the court, and also by not requesting a curative jury instruction that informed the jury that it should not consider the witness's fear as an indication that the witness was credible. Magistrate Judge Perkin found that these claims should be denied in their entirety because Petitioner's assertion—that the credibility of the witness's testimony was unjustly bolstered—was meritless, and trial counsel was not ineffective for failing to pursue meritless claims. (Doc. No. 10 at 22.) Petitioner filed Objections to these findings.

Petitioner's due process claims of ineffective assistance are governed by Strickland v. Washington. 466 U.S. 668 (1984). In Strickland, the United States Supreme Court held that to prevail on an ineffective assistance of counsel claim, a petitioner must meet two requirements: 1) he must show "that counsel made errors so serious" that were "outside the wide range of professionally competent assistance"; and 2) he "must show that the deficient performance prejudiced the defense" and was "so serious as to deprive [him] a fair trial." Id. at 687-690. In Pennsylvania, a third requirement exists, obligating that the Petitioner show that his underlying claim is of arguable merit. Commonwealth v. Spotz, 84 A.3d 294, 311-12 (Pa. 2014). When a federal court reviews the state court's rejection of a petitioner's ineffective assistance of counsel claim pursuant to 28 U.S.C. § 2254, it must be "highly deferential" to the state court's decision unless that decision is contrary to clearly established federal law, or if it is objectively unreasonable. Yarborough v. Gentry, 540 U.S. 1, 4 (2003).

---

[3] The witness testified that Petitioner shot him. The witness stated that he was scared to testify because other inmates might violently retaliate against him upon his return to prison. Petitioner's theory is that the jury unquestionably interpreted this statement to mean that Petitioner was actively intimidating the witness and was the cause of this fear. Thus, because the witness was Petitioner's victim, the witness's fear would indicate to the jury that the witness was telling the truth about the assault.

6

Here, the state PCRA court rejected Petitioner's ineffective assistance of counsel claims on the merits, and the Superior Court affirmed. In the present Petition, Petitioner has not met either requirement under <u>Strickland</u> to prevail on these claims because, as the state court and Magistrate Judge Perkin correctly found, they are without merit. The Court agrees for reasons that follow.

### A. Petitioner's Due Process Rights Were Not Violated and His Claims Are Without Merit

Petitioner's first claim stems from the belief that the jury inferred that the witness was credible because he said at trial that he was scared to testify. The testimony is as follows:

PROSECUTOR: You don't want to be here today, do you?

WITNESS: No, I don't

. . .

PROSECUTOR: I want to bring you back to September 22, 2006, a little before 9 o'clock in the evening. Were you in the area of 53rd and Kingseeing?

WITNESS: Before I start to testify, I really don't feel comfortable testifying, because I am going back to jail after this. Anything can happen in jail. So I don't feel safe. I am scared.

PROSECUTOR: I want you to answer my questions, okay?

WITNESS: I understand that, sir, but you don't understand that if I am going back to jail for testifying, I don't feel safe in that environment. Why would I be inside jail.

PROSECUTOR: We are here, and you are going to have to answer my questions today, all right? You are here to answer questions –

WITNESS: I understand that, sir, but you don't understand my conditions.

. . .

THE COURT: The jury is entitled to understand why he does not wish to testify.

. . .

> WITNESS: I really do not want to testify. I don't feel safe. I am still sitting in jail after I leave here. I can get shanked tonight. Anything can happen to me tonight. And that's not a safe environment for me to be in if you want me to testify.

(Doc. No. 14 at 4-5.)  Petitioner claims that from this testimony, his due process rights were violated because the jury would make the impermissible inference that Petitioner took action that caused this fear when there was no such testimony.

Petitioner cites several cases for the notion that a defendant's due process rights are violated when the jury is allowed to make impermissible inferences from circumstantial evidence presented to it when those inferences are not more likely than not to arise from proven fact.  See (Doc. No. 14 at 9) (citing Francis v. Franklin, 471 U.S. 307 (1985); Barnes v. United States, 412 U.S. 837 (1983); Court of Ulster Cty. v. Allen, 442 U.S. 140 (1979); Tot v. United States, 319 U.S. 463 (1943)).  Magistrate Judge Perkin recommended that Petitioner's reliance on these cases is misplaced.

The cases that Petitioner relies on involve instances in which either the trial court gave explicit instructions that the jury must draw inferences from presumed fact (Francis, Barnes), or that a federal statute required the inference to be drawn (Tot, Ulster County).  Petitioner's case does not fall into either category.  The record shows—and the state court and Magistrate Judge Perkin agree—that no instruction was given to the jury that it must, or even is permitted to, draw an inference of the witness's credibility from his testimony about his fear.[4]  There was also no

---

[4] As support in his Objections, Petitioner cites to the trial court's jury instruction on intent to kill, which reads:

> However, intent to kill, like any other matter, may be proved by circumstantial evidence, that is, by inference that reasonably may be drawn from all the facts and circumstances including…

statute that the trial court referred to directing the jury to draw such an inference. The state court and Magistrate Judge Perkin noted that the import from the testimony was that the witness's fear was derived from other inmates who might retaliate against Petitioner when he returned to prison after testifying, rather than caused by any action of Petitioner. It was a general fear, the credibility of which was in the province of the jury to evaluate.

Petitioner's conclusions that the jury made such inferences are merely speculative. As noted, there is no indication that his due process rights were violated by the testimony of the witness's general fear. In fact, as the Pennsylvania Superior Court held in affirming the PCRA court's rejection of Petitioner's ineffective assistance of counsel claims:

> Appellant and his family were not implicated by [the witness's testimony] to any extent. He plainly stated his reluctance to appear as a prosecution witness was based upon anticipated repercussions from other inmates [where he was imprisoned] for cooperating with the Commonwealth. No one accused [Petitioner] or any person acting on his behalf of being behind the intimidation.

(Doc. No. 10 at 21.) Thus, Petitioner's argument is without merit. Moreover, Petitioner cites no law that supports his claim that his due process rights were violated by the allowance of the witness's testimony or counsel's failure to object to it.

### B. Petitioner's Ineffective Assistance of Counsel Claims Cannot Survive Under Strickland

Petitioner's next two claims involve ineffective assistance of counsel. In the absence of a due process violation, neither of Petitioner's claims of ineffective assistance of counsel can be

---

(Doc. No. 14 at 9.) Petitioner grasps at the language "like any other matter" to argue that this jury instruction allowed jurors to infer from the witness's testimony that Petitioner intimidated the witness into not testifying, thereby bolstering the credibility of the witness's testimony. First, the jury instruction to which Petitioner cites was given in regard to the elements that constitute intent to kill under the law, not in regard to credibility of the evidence. Second, as the Superior Court noted, "there was no instruction [given at all] regarding an inference to be made from the evidence." (Doc. No. 9-3 at 6.) Therefore, Petitioner's Objection is unavailing.

sustained. As such, Petitioner has not met his burden of showing ineffective assistance of counsel under Strickland.

As to Petitioner's first ineffective assistance claim, counsel was not ineffective by failing to object to the alleged due process violation involving the fear of testifying because counsel cannot be ineffective for failing to pursue a meritless claim. Werts v. Vaughn, 228 F. 3d 178, 203-204 (3d Cir. 2000). Therefore, electing not to pursue a meritless claim does not amount to "serious error" committed by counsel as required by Strickland to prevail on a claim of ineffective assistance. Because Petitioner's counsel did not raise a due process claim when none existed, counsel was not ineffective for choosing not to do so, and no serious error occurred. Regarding the second Strickland requirement, Petitioner does not explain how he was prejudiced by counsel's failure to make the due process claim. It appears that the crux of Petitioner's argument seems to be that he was prejudiced—and his due process rights violated—by the trial court's jury instruction as noted in footnote 4. However, Petitioner does not challenge this instruction, only trial counsel's failure to "cure" it.

This second ineffective assistance claim, that counsel was ineffective for failing to request a curative jury charge regarding the "intent to kill" instruction, also falls short of meeting the Strickland requirements. Counsel was not ineffective for not requesting a curative instruction, for there was no due process violation that occurred in giving it. Three courts—the state PCRA court, the Superior Court of Pennsylvania, and Magistrate Judge Perkin—did not find that this was error, let alone serious error that amounted to deficient assistance.

Petitioner has not identified any state court decision that is contrary to, or involves an unreasonable application of, clearly established law. Petitioner must do so in order to overcome the deference owed to state court decisions rejecting ineffective assistance of counsel claims.

<u>Yarborough</u>, 540 U.S. at 4.  Therefore, because Petitioner's claims are without merit, he has not satisfied the <u>Strickland</u> requirements.  He has not shown that the state court unreasonably applied clearly established federal law.  Thus, Petitioner's ineffective assistance of counsel claims fail, and this case will be dismissed.

## V.     CONCLUSION

For the foregoing reasons, the Court will adopt Magistrate Judge Perkin's Report and Recommendation and will deny Petitioner's Petition for Writ of Habeas Corpus.  An appropriate Order follows.